VS

**FILED**

DEC 0 6 2011 *aew*

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

United States of America ex
Rel L Crawford v. Rartledge
The Kingdom xxx et al.

defendents/Respondents

Motion For Recusal;
Motion To Consolidate
Motion To Supplement
The Complaint in the
filed § 1983 Actions And
Motion To Motion
Therefor; Motion
For Default And
Judgment on Declaration
of Sovereignty

RE: CASE(S) (11-CV-8347), 11-CV-8349 (ILL) Also
2:11-CV-06266-JLL in New Jersey And
New York District Courts,

To: The Illinois District Court,
The New Jersey District Court,
The New York District Court,

Et Al

Here comes the petitioners/plaintiff in
the above captioned matter And do hereby humbly
submit the following:

The plaintiff/petitioners invoke the
provisions of the Foreign Sovereign Immunity

20810

Act for this document. By such our claims must be considered true. The petitioners motion to consolidate both cases 11-cv-8347 and 11-cv-8349 and seek that they both and any other case filed, be petitioned to be Removed and consolidated, and all be heard before one judge and jury which is our right pursuant to the provisions of the Foreign Sovereign Immunity Act. I motion for a Ruling of law on the court Record, See ELE Guam v. Long Term Credit Bank, Japan, 332 F3d 635 (9th. Cir. 2003); Liu v. Republic of China, 892 F2d 1419, 1424 (9th. Cir. 1989).

The petitioners motion for the Recusal of Judge James B Zagel from presiding over any case that the petitioner Lawrence L. Crawford is a party to. Judge(s) James Zagel is the judge that presided over case 1:08-cv-026222-JBZ. This is the Judge "Zagler" the plaintiff mentioned in the filed §1983 Action. I motion to Amend the proceedings in the filed §1983 to Reflect the full name properly spelled of this defendant. Let the Record show that the name Judge Zagler is now changed to Judge James B Zagel. This judge

Name is also sought amended in the New Jersey District Court under case 2:11-cu-06266. Let the record in case 2:11-cu-06266 reflect this change also. Inesomuch, Judge James B Zagel is listed as a defendent in the New Jersey District Court case under 2:11-cu-06266-JLL. The causes of action against Judge Zagel, as well as all judges involved are written in the 85 page complaint dated October 2, 2009 supplemented to the 8 1983 Actions. A copy of this document is served on the New Jersey District Court. He is also a defendent in the California District Court under case No. 4:11-cu-5206-SBA. It is highly inappropriate for a judge to be presiding over a case when he is a defendent in a case for which a party is seeking redress against him. This 85 page complaint will soon be supplemented to these proceedings. The petitioner is experiencing state interference where the state refuses to make copies of the document needed to be served on any federal court out of state. I motion for an extension of time before any adjudication occurs with the exception of issuing protective orders and for the appointing of attorneys to get a copy of this document to the court.

It can be obtained electronically from ~~the~~ New Jersey.

The petitioners motion To supplement the complaint in All filed § 1983 Actions with the following:

(1) A copy of the complaint and Summons, 21 pages dated October 23, 2010, in CASE 2010-CP-400-8841.

(2) A copy of the complaint And Summons, 41 pages, dated January 28, 2010 that was filed in CASE 2010-CP-17-081. If any of these cases are closed, due to judicial fraud And the prevalent conspiracy that surrounds these cases, even though the Torts were unjustly circumvented or destroyed in those cases in Acts of official mental and physical torture of A foreign Sovereign Official / King. I seek to address the constitutional challenges And causes of Action in this case. These documents go into greater detail about the additional

causes of action related to these defendents named, that the petitioners seek supplemented in the § 1983 action.

(3) A copy of the Amended Complaint filed in case 2006-CP-400-0552 now 2006-CP-400-3568, 3569, 34 pages dated March 6, 2007. These were the cases petitioned to be removed and consolidated along with others pursuant to the Foreign Sovereign Immunity Act.

The petitioners give the courts notice that all parties served with the Declaration of Sovereignty that was filed in these § 1983 actions have defaulted by their failure to timely respond to the petitioners, the 6th Circuit Court of Appeals and the other state cases as was required by summons. Therefore, we motion for default and judgment and the document be considered true. They were required to respond to the petitioners, the 6th Circuit and the state courts but failed twice. The first time conspiring in judicial fraud to avoid

default. Therefore we motion for sanctions and the document with attached Liens be deemed true.

I motion to suspend and or relax the procedural Rules for service, copy requirements, or any other Requirement of Court related to this document due to my Rights under the Americans with Disabilities Act, documentation being filed in both cases 1:08-cv-026222-JBZ and 2:08-cv-04187-JLL. I motion that any deficiencies be corrected by the federal Attorney once the court appoints him/them.

The cause of Action against the 192 member states of the United Nations is this. They were notified and served. They failed to timely Respond and defaulted. Not only do I seek by court order a freeze of $10 Trillion Lien on their global assets. I am suing them for the sake and cause of establishing a Global Theocratic State in each member state's country or Isles, the establishing of a Global Affirmative Action and other Relief sought

Also due to the direct or indirect connection of these causes of action to the slave trade as is argued in the 85 page complaint dated October 2, 2009 filed in the California and New Jersey District Courts.

As for the Vatican and Nation of Islam. I am suing them for control and authority over the Vatican and the Nation of Islam. The Vaticans claim of Sovereignty or Immunity will not hold water this time, because such Sovereignty or Immunity they base on the Holy Books which is a legal binding document and covenant under Theocratic Law. By their own law that they adopt from the Holy Book; As Aarons Heir, as Moses, King David, Soloman and Christ through his brother James Heir (PBUT). Authority and Rule over every church, Mosque and Synagogue, Religious organization and place of learning, upon my emergence as foretold by biblical prophesy and law, falls to me. This also holds true for Rule over the Sovereign nation of Israel. The throne of King David is mine

until death or Christ comes to claim it. I am suing them for it.

This holds true for every Islamic nation, province or group in the Middle East and beyond whose religious teaching is based upon the Quran and Sunnah. As Muhammad and Ali ibn Abu Talib's heir, may God bless them all, I am lawful keeper of the Holy City of Mecca, true ruler over all Islamic provinces, all of Africa and lower parts of Russia being muslim countries, all fall to me as true heir of the Islamic Khalifate. I am suing all of these nations for control by way of the Foreign Sovereign Immunity Act and the commercial interest that are tied to these nations. They cannot claim Immunity due to their supposed Sovereignty when by Theocratic Law and their Religious binding covenants under Theocratic Law, say I am Sovereign by way of my original status as Sovereign pursuant to the (3) Holy Books and Sunnah of Muhammad (PBUH). Additionally, I, as the true heir to the Global Theocratic Court,

throne and sovereignty grant the Federal courts permission to address these matters which cannot be usurp by fraud, force or both. The nations of the world must be made to respond to my claims or default. Thereupon, by my sovereign power, will and right, no nation can be permitted to stand in the way of me establishing my throne or government. For such would be a violation of International Law and my Godly right to exercise sovereign Power decreed and delegated to me by the one true God of the heavens and earth. To him belongs the best of names. In the name of the one true God, the most merciful, the most great, the most High God.

Respectfully Submitted

Jahjah The Tishbite

November 30, 2011

10/60

State of California
U.S. District Court
State of Illinois
U.S. District Court
State of New Jersey
U.S. District Court
State of New York
U.S. District Court
State of South Carolina
Richland County;
Anderson County;
S.C. Court of Appeals
Court of Appeals et al.,

Northern District
San Francisco
Northern District
Chicago, Illinois
Northern District
Trenton Office
Northern District
Syracuse, New York
Court of Common Pleas
5th Judicial Circuit
10th Judicial Circuit
State of South Carolina
For The 6th Circuit et al.,

Lawrence L Crawford aka
Jonah Gabriel Tishjah T.
Tishbite #300839
Morris H. Smith #334335
Harlon Dotson Jr. #188487
John W. Owens #165409
Stanley DeHart III #336126
et al.,

plaintiff/petitioners

Cases 11-cv-8349(Ill.);
11-cv-8347 (Ill.); Case(s)
2011-CP-04-00666; 2011-CP-
04-02461 in Anderson
County; The Morris H.
Smith and other petitioners
cases in the S.C. Court of
Appeals; All other cases
in Richland County connected
to 2006-CP-400-3567, 3568, 3569;
2010-CP-400-8841; 09-4310;
2:11-cv-06266 JLL (N.J.)

State of South Carolina
County of Richland

Lawrence L. Crawford AKA
Jonah Gabriel Jahjah
T. Tishbite # 300839

plaintiff

RICHLAND COUNTY
FILED
2010 DEC 20 PM 12:18
BARNETTE W. MCBRIDE
C.C.P. & G.S.

Vs

Warden Bodison; Judge
Jean Toal; Judge Kaye
Hearn; Ms. Davis civil case
Manager; Sgt. Yvette
Blowe; Andre Alston #
264762; Maurice Lee
(Inmate Muslim Imam); Wali
Doe (Muslim in Stono); Omar
Doe No. 2 (SCDC Muslim
Chaplain); John Doe No. 3
(SCDC Muslim Chaplain Asst);
Skipper Doe No. 4 (Shakedown
officer); Ms Gwen Hyatt
(Dillon County Clerk of Court);
Wes Jacobs; David Yarsky

File in Both   11-CV-8349 *
  *          11-CV-8347

SUMMONS

Case No. 2010CP4008841

Also Connected to Cases
   2010-CP-400-4215
   2010-CP-11-536
C/A No. 3:08-CV-10-1105-MMC
   09-1500 et al. (3rd Circuit)
   2010-CP-38-01000
   2010-CP-21-2289
   2009-CP-42-4121
   2010-CP-400-5232
   2009-CP-400-6086
   2009-CP-400-2144
   2005-CP-32-4182
   2010-CP-320-1122
   2006-CP-400-3567
   2006-CP-400-3568
   2006-CP-400-3569
The Rahim Carter and
James Boone cases in
the S.C. Court of Appeals

Rob Peele ; Jon Ozzmit ;
Sgt. Perry ; Lt. Steward ;
Cpl. Johnson ; Capt. Clark ;
Officer Simmons ; Lt.
Easterling ; S.C. Dept. of
Corrections ; Lt. McGee ;
Dr. Babbs ; Ms Lee ;
Chaplain Van Bebber ;
Judge Burch

defendant(s)

RICHLAND COUNTY
FILED
2010 DEC 20 PM 12: 18
JEANNETTE W. MCBRIDE
C.C.P & G.S.

There is a complaint
and (6) additional docu-
ments attached that
were filed and or either
blocked from being filed
by Judge Burch in the
hearing that was conducted
and by clerk of court.
They are now sought action
in Richland County Court.

To: Warden Bodison ; Judge Jean Toal ;
Judge Kaye Hearn ; Ms. Davis (civil case manager) ;
Sgt. Yvette Blowe ; Andre Alston ; Maurice Lee ;
Wali Doe ; Omar Doe No 2. (SCDC muslim Chaplain) ;
John Doe No (3) (SCDC muslim Chaplain Ass't) ;
Skipper Doe No (4) (Shakedown Officer) ; Ms Gwen
Hyatt (Dillon County Clerk of Court) ; Wes Jacobs,
David Jarsky ; Rob Peele ; Jon Ozzmit ; Sgt.
Perry ; Lt. Steward ; Cpl. Johnson ; Capt. Clark ;
Officer Simmons ; Lt. Easterling ; S.C Dept. of
Corrections ; Lt. McGee ; Dr. Babbs ; Ms Lee ;
Chaplain Van Bebber ; Judge Burch .

The plaintiff in the above captioned matters do hereby humbly submit the following:

You are hereby summoned and reqired, to answer the complaint and attached documents, a copy of which is here with served upon you, and to serve a copy of your answer to the complaint upon the subscriber, at the address shown below within (30) days after service thereof, exclusive of the day of such service, and if you fail to answer the complaint and attached documents judgment by default will be rendered against you for the relief demanded within the complaint and documents attached.

Lawrence L. Crawford AKA
Jonah Gabriel Jahjah T. Tishbite
#300839 Sum-S-1148
Lee C.I. 990 Wisacky Hwy.
Bishopville SC 29010

Richland County
October 23, 2010

State of South Carolina
County of Richland

Lawrence L. Crawford AKA
Jonah Gabriel Jahjah
T. Tishbite # 300839

               Plaintiff

vs.

Warden Bodison ; Judge
Jean Toal ; Judge Kaye
Hearn ; Ms Davis (civil case
Manager ; Sgt. Yvette
Blowe ; Andre Alston #
264762 ; Maurice Lee
(Inmate Muslim Imam); Wali
Doe (Muslim in Stono); Omar
Doe No.2 (SCDC muslim
Chaplain) ; John Doe No.3.
(SCDC muslim Chaplain Asst),
Skipper Doe No.4 (Shakedown
officer) ; Ms Gwen Hyatt
(Dillon County Clerk of Court);
Wes Jacobs, David Jarsky;

In The Court of Common
Pleas
5th Judicial Circuit

Complaint

Case No. 2010-CP-400-8841

Also connected to case(s)
   2010-CP-400-8215
   2010-CP-11-536
C/A No. 3:08-cv-10-1105-mmc
Et al, ; 09-1500 (3rd Circuit
   2010-CP-38-01000
   2010-CP-21-2289
   2009-CP-42-4121
   2010-CP-400-5232
   2009-CP-400-6086
   2009-CP-400-2144
   2005-CP-32-4182
   2010-CP-320-1122
   2006-CP-400-3567
   2006-CP-400-3568
   2006-CP-400-3569
   The Rahim Carter And
James Boone cases in the
SC Court of Appeals

Rob Peele ; Jon Ozzmit ;
Sgt. Perry ; Lt. Steward ;
Cpl. Johnson ; Capt. Clark ;
Officer Simmons ; Lt.
Easterling ; SC Dept of
Corrections ; Lt. McGee ;
Dr. Babbs ; Ms Lee ;
Chaplain Van Bebber ;
Judge Burch

                   defendant(s)

Motion For A Jury
Trial ; Motion To
Appoint Legal Counsel
Pursuant to A.D.A. ;
Motion For An Injunction
And Protective Order ;
Petition To Remove
Pursuant to Motion To
Also Consolidate Under
42 U.S.C. §§ 1983, 1985(2),
1985(3), 1986 And 28
U.S.C §§ 1443(1) And or
1443(2) Also 28 U.S.C §
1602-1612 et. seq. Also
S.C. R.C.P. Rule 23 And 19.

       To: The Richland County Court of
Common Pleas,
              The S.C. Dept. of Corrections
Et. Al,

RICHLAND COUNTY
FILED
2011 DEC 20 PH 12:19
...C.C.P. & G.S.
...MCBRIDE

       PLEASE TAKE NOTICE, that the
plaintiff in the above captioned matter, Lawrence
L Crawford AKA Jonah Gabriel Jahjah T.
Tishbite, intends to file claim against the
above captioned defendants, in pursuant to

All relevant sections of the South Carolina Tort Claim Act, the Provisions of C.A.T. and the Foreign Sovereign Immunity Act.

The post office address of the Claimant herein presently is:

Lawrence L. Crawford AKA
Jonah Gabriel Jahjah T. Tishbite
#300839 Sum-S-1148
Lee C.I. 990 Wisacky Hwy.
Bishopville, S.C. 29010

For the time being I am representing myself, but seek the appointment of legal counsel pursuant to the Americans with Disabilities Act and due to the complex nature of the proceedings.

The plaintiff motions for judicial notice and officially inform the court of the following:

(1) This case is directly connected to all cases listed within the caption possessing Article III dynamics also involving defendants and or respondent in multiple states within

6 of 21

the United States, the United States Govern-
ment itself and several Foreign Sovereign
Governments around the world. Thus, it becomes
apparent that all the captioned cases are
filed in the wrong court. The matter must
be heard within the Federal District Court,
Not the S.C U.S.District Court, because many
of those Judges are named as defendants
And ███ the S.C U.S.District Court is sought to
be disqualified due to acts of Judicial Fraud
And Abuse of Judicial Process. The plaintiff
has invoked the provision of the Foreign
Sovereign Immunity Act. By the documents
he submitted in the California District Court
And the other cases captioned above he
made the Required prima facie showing that
would permit him to invoke the provisions
of 28 U.S.C § 1602-1612 et. seq. There are
also violations of the Ku Klux Klan Act and
or Civil Rights litigation Act. There is a
threat of imminent danger as outlined within
the documents submitted. The plaintiff and
the petitioners involved in the other related
case must be permitted to exercise Federal
forum. By the provisions of the Foreign
Sovereign Immunity Act the plaintiff and
other connected petitioners ███ are given

the Right to establish VENUE And jurisdiction.
WE SEEK that this CASE And those others
captioned be CONSOliDAted And transferred
to the U.S. District Court in the STAte of
CAlifornia And or Ohio And or NEW JERSEY
which is our Right UNDER the J.S.I.A. And
be heard before ONE JUDGE. The STATE COURT
CANNOT be permitted to AdjudicATe CASES
THAT possess NATiONAl And iNterNATiONAl
RAMifiCATions when the plaintiff seeks to
EXERCISE his Right to FEDERAl forum And especially
when the STATE COURT does NOt HAVE jurisdiction
over All NAMED PARTIES. PURSUANT to Rule
82 ON VENUE AND jurisdiction. When A CASE
is filed iN the WRONG COURT, the STATE COURT
shall NOt dismiss the ACTION. The STAte COURT
must TRANSFER the CASE to the PROPER
COURT iN which it coul have been had. Since
the Right of VENUE And jurisdiction fall to
the plaintiff And petitioners iN this CASE, they
must be transferred to CAlifornia, Ohio or
NEW JERSEY And the plaintiff And other
petitioners as well, consolidated And heard
before ONE COURT.(SEE complaint And summons
Attached that was filed iN CASE No 2010-CP-17-081
iN DilloN County And the other documents
filed iN the CASES listed iN the CAption).

(2) This is a false imprisonment Tort Action. It is the plaintiff complaint that the Actions perpetrated by Ms. Davis, And Judges Burch, Toal And Hearn were designed to seize And/or keep in captivity, "illegally done by acts of Fraud And kidnapping A Sovereign And/or Sovereign entity And or prevent the Re-establishing of A Sovereign State, Khalifate, Kingship, High Priesthood And Imamate under Theocratic law of All Christians, Muslims And Jews worldwide. Subjecting the plaintiff to egregious acts of official, mental And physical " torture in violation of C.A.T. Provisions And in violation of The Foreign Sovereign Immunity Act. Pursuant to the provisions of the F.S.I.A., the claims of the plaintiff must be considered as true. Their Actions Are directly connected to the false Imprisonment Torts ▬ And other case listed in the caption. Their desire was to prevent discovery to halt the release of evidence that would have proven the plaintiff's innocence of the crime he now stands convicted of And to inflict physical/mental pain on the plaintiff forcing him to write And produce these numerous documents laboring under A physical disability to his hands in defiance to strict doctor's orders. This strips

them of any claim of immunity. They did this conspiring under color of state law, in acts of intrinsic as well as extrinsic fraud in all efforts to deny the plaintiff the equal protection of the laws, behind religious and racial hatred in acts of gross negligence and deliberate indifference, denying right to appointed counsel under ADA in efforts to hinder, impede, obstruct justice and the plaintiff's right to access the courts. They did the conspiring with the defendants listed under case No. 2010-CP-17-081. They can be sued in individual capacity also.

(3) We give the court notice that there is still the threat of imminent danger that is argued in case No. 2010-CP-17-081 and the 85 page document filed in the other related cases. Therefore, the protective order and injunctions that were sought in case No. 2010-CP-17-081 are now being sought in this newly filed case. Those documents are herewith attached.

(4) The plaintiff gives the court notice that this is a diversity jurisdiction tort action. It involves acts that occurred

in Richland County, Dillon County and Dorchester County. Therefore the action can be filed in either County, therein, venue and jurisdiction would be proper.

The time when and the place where such claim(s) arose and the nature of the claim(s) are as follows:

(1) That in Richland Count, Judge Jean Toal and Judge Kaye Hearn engaged in Acts of official mental and physical torture of a sovereign, namely Jonah Gabriel Jahjah T. Tishbite, in all efforts to illegally seize a sovereign and keep him falsely imprisoned behind religious and racial hatred because he made the religious claims alleged in the cases listed in the caption. This was done in the months of October and/or September 2010. This is also connected to Judge Kaye Hearns Actions conducted in the S.C. Court of Appeals where she forced the plaintiff to keep compromised state appointed counsel so she could conspire with the S.C. Attorney General and the defendants in Case No 2006-CP-400-3567, 3568 and 3569 to keep the applicant

illegally seized by use of a falsified trial transcript on direct Appeal that she knew to be falsified. Judge Joal, Hearus and Burch conspired under color of state law and in acts of judicial fraud to dismiss the Appeal an action to prevent discovery and the signing of the protective order that would have produced the evidence that substantiate these facts and their guilt during and after the fact of the class A, B, and C felonies argued in the other related false imprisonment torts that are aforementioned and listed in the caption, to also deny counsel under A.D.A.

(2) That in Dillon County, Judge Burch engaged in acts of official mental and physical torture of a sovereign, namely Jonah Gabriel Jahjah T. Tishbite, in all effort to illegally seize a sovereign and keep him falsely imprisoned behind religious and racial hatred, because he made the religious claims alleged in the cases listed in the caption. Judge Burch conspired under color of state law and under color of authority, all parties, across multiple state and federal jurisdictions to prevent evidence from being produced

that would prove the crimes of Judge HEARN in the S.C. Court of Appeals, to aid Judge JOAT kill the APPEAL, AND to PREVENT EVIDENCE from being PRODUCED to PROVE the claims ARGUED IN CASES 2006-CP-400-3567, 3568, 3569 AND the other CAPTIONED CASES. HE blocked the plaintiff from filing the petition to REMOVE to Allow the defendants to unjustly have the case dismissed. HE ORDERED the plaintiff to be SILENT to PREVENT the plaintiff from establishing the facts in the COURT RECORD IN ORDER that they would be PRESERVED ON APPEAL. This is Also why Judge JOAT dismissed the CASE without giving Any Notice of deficiency until the ORDER to dismiss WAS issued, deficiencies that had No merit. She KNEW the WAY the lower COURT violated the plaintiff's DUE PROCESS Rights, if the APPEAL would HAVE been permitted to go forward she would be force to VACATE the ORDER so she unjustly CREATED A PROCEDURAL default claim to unREASONABLY justify dismissing the APPEAL. All PARTIES CONSPIRED to this END. The hand of ONE is the hand of All pursuant to the Accomplice liability doctrine. They CAN EVEN be SUED IN their individual capacity.

(3) That in Richland County, Ms. Davis, the civil case manager, conspired with Meadors, and or Giese and or Moake and the S.C. Attorney General, to include the defendants captioned above and those listed in the previous file False imprisonment Torts under 2006-CP-400-3567, 3568, 3569 and other defendants listed in the complaint and Petition to Remove, the 85 page document, acting under color of state law and under color of authority, across multiple state and Federal jurisdiction to impede, hinder and obstruct the Due Course of Justice and the plaintiff's right to access the courts, behind Religious and Racial hatred in violation of the Tort Claim Act, the Ku Klux Klan Act and the Foreign Sovereign Immunity Act, in acts of gross negligence and deliberate indifference towards my Rights of Due Process. This was done in September to October of 2010. She did this by blocking the filing of crucial court documents in the case of Timothy Green and other petitioners to the action, like Jason Drew, Rikam Dozier and myself. She claimed we could not file documents because we were not parties in the same actions when there were motions to consolidate, amended PCR application, motions for class action certification, motions for

14 of 21

Writs of Mandamus and Declaratory Judgment before the court signed by the various parties showing they were parties in the same action before the court. She refused to return clocked stamped copies when the "plaintiff is entitled to such under the Americans with Disability Act. She with the conspiring parties aforementioned did this to block the plaintiff's appointment of legal counsel which is his substantial right under ADA. She did this to prevent and hinder evidence from being produced to prove the allegations in the various captioned cases. She did this to prevent the plaintiff and the other petitioners from obtaining class action certification, to prevent them from joining the cases and to prevent their from being placed in the record that it was the states duty to transfer the cases under Rule 82. She and the parties/defendants aforementioned conspired in acts of retaliation against the plaintiff for the free exercise of constitutionally protected rights such as freedom of religion, rights under ADA and the right to access the courts to seek relief for grievances by and against the government. She

PREVENTED Timothy GREEN, DOZIER's AND DREWS documents from being filed in our sought class Action to further prevent evidence from being produced to substantiate the facts.

Let the plaintiff further elaborate. The conspiring defendants knew that pursuant to the provisions of the Foreign Sovereign Immunity Act the claims of the plaintiff and other petitioners are to be considered true requiring the defendants to grant our request for discovery to further establish the jurisdictional facts. This changed the dynamics of the proceedings where the burden was totally originally on the plaintiff and petitioners. In the initial part of the action the plaintiff and other petitioners petitioned for the Federal court to remove the case. The California court, due to the exceptional circumstances that surrounded the case, the fulfilling of Religious prophesy conspired to create procedural default claims with the various defendants involved. Their focus was to prevent in hinder our moving forth from the front or Federal end. When the petitioners seen this injustice we decided to take the REAR END or back door approach. We sought to consolidate

the cases and motion for class action certification on the state level as opposed to the federal level. Additionally on the state level we showed where the issue are being argued for inmates in (50) states and involve foreign sovereign nations on the state level of the proceedings as opposed to just arguing it on the federal level. Ms. Davis and the conspiring parties did not want the document filed that would place this legal strategy into effect, because it would have shown that even if the federal court delayed removing the case the state court due to the Article III nature of the proceeding, the case being now realized filed in the wrong court, could not dismiss, but pursuant to Rule 82, would be required on their own to transfer the case even if the federal court delayed or failed to take action. The state court cannot be permitted to adjudicate matters that possess National and International ramifications, especially in light of the fact that they do not have jurisdiction over all named parties. This is why Ms. Davis, conspiring with McMasters, Meador, Giese, Moake, Toal, Hearns, Burch and the other defendants did not want

the documents filed.

Thus, you have Ms Davis sending Timothy Green's documents to his former lawyer to make it look like an unintential error, knowing fully well this man was no longer Green's Attorney because the court relieved him in a previous held hearing. No new lawyer was assigned because Green filed a termination letter exercising his right to Act Pro Se permitting him to file whatever documents he wanted in his case as counsel on record yet you see her blocking these filings by sending them to an attorney that no longer exist in the record and this compromised Attorney who no longer exist in the record failed to file these crucial documents even after Timothy Green's mother repeatedly called him asking him to file them. She more than likely did the same thing with Drew and Dozier's documents as well blocking their filing and preventing them from being made a part of the court record. It is the plaintiff's claim that she did not do this merely to attack them. She did it to attack the plaintiff behind religious and racial hatred

because of the claims, exceptional that they are which are argued in the case. Ms. Davis and the other conspiring parties action are also retalitory by nature, levied upon the plaintiff as an attack for his exercise of constitutional protected rights. The litigation and the citings of law for official mental and physical torture of a sovereign in their illegal seizing and kidnapping of a sovereign which she engaged in, the conspiracy, violations of Tort Claim Act, Ku Klux Klan Act, ADA, the F.S.I.A. 42 U.SC §§§§ 1983, 1985(2), 1985(3) and 1986; 28 USC § 1443(1) and/or 1443(2) are argued and seen in the Dillon Complaint and the 85 Complaint and Petition to Remove filed in the above captioned case along with the United Nations document and related filings.

## Relief Sought:

The plaintiff by no means want the court to construe this as multiple punishment for the same actions because these are newly created Torts and or infractions created by new actors who

chose to take part in this intricate complex conspiracy. If the court would take notice of the 41 page summons and complaint you have on page 33 the relief those defendants conspired to prevent from being heard done by them. Item(s) 1; 2; 3; 5; 6 (5 counts); 9; 10; 11; 12; 13; 19; 20; 21; 22 and 26 are medical related grievances, torts, infractions, 19 of them at 1.2 million dollars each. Items No(s) 4; 7; 8; 14; 15; 16; 17; 18; 23; 24; 25; And 27 are non-medical related grievances, torts, infractions, 11 of them at 300K each. The total comes to 26 million .1K.

Now you add Judge Burch conspiring under color of state law and or color of authority across multiple state and federal jurisdictions to prevent each of these issues from being heard in acts of official mental and physical torture of a sovereign in efforts to keep him illegally detained that was done for each of these issues. This doubles the amount sought to 52.2 million.

If you add Judges Toal and Hearns conspiring in the same manner in the SC Supreme Court you must add another 26.1 million

to the 522 million bringing the total to 783 million.

Then you add Ms. Davis part in this in Richland County that adds another 26.1 million for her part in this bringing to total to 104.6 million. Then you add the fact that their actions also was done in efforts to prevent evidence from being produced in cases 2006-CP-400-3567, 3568 and 3569 in Richland County which totals about 35 million. This amount must now be attributed to Judge Burch in the Dillon County jurisdiction, Judges Toal and Hearn in the Supreme Court jurisdiction and Ms. Davis in the Court of Common Pleas jurisdiction in Richland County. This mean 100.5 million must be added to the previous 104.6 million bringing the total to 205.1 million dollars, to include the issuing of the injunction and or protective order. This also includes the appointing of legal counsel pursuant to ADA Wherefore, the plaintiff seeks this relief and any and all other relief the court would deem just, fair and proper. The new case No. in California is CV-10-4625-SBA.    Respectfully submitted

Laurence L Crawford AKA
Jonah Gabriel Jah Ah I Tisbite

October 23, 2010

21 of 21

State of South Carolina     Court of Common ... as
The County of Dillon        Judicial Circuit

Lawrence L. Crawford AKA
Jonah Gabriel Jahjah T.
Tishbite

       plaintiff

vs.

Warden Bodison et. Al

       defendant(s)

File in both   11-CU-8349
       11-CU-8347

FILED
GWEN T. HYATT
2010 MAR -5 P 3: 00
CLERK OF COURT
DILLON COUNTY

Summons

CASE No.   2010-CP-17   081

To: Warden Bodison ; Sgt. Blowe ; Andre
Aston ; Maurice Lee ; Wali Doe ; Omar Doe ; John
Doe No. 3 S.C.DC Muslim chaplain Assit ; Skipper Doe ; Van
Sellers Gwen Hyatt ; Wes Jacobs; David Tarsky ;
Rob Peele ; Jon Ozzmit ; Sgt. Perry ; Lt. Stewart ;
Cpl Johnson ; Capt. Clark ; Officer Simmons ;
Lt. Easterling ; Dr Babbs ; Dept. of Correction of
S. Carolina, Lt McGee, Lt. Smalls, Ms Lee,

       The plaintiff in the above captioned
matter, do hereby humbly submit the following:

       You are Hereby Summoned and
Required, to Answer the complaint and attached

1 of 41

documents, A copy of which is Herewith served
upon you, and To serve A copy of your answer
to the complaint upon the subscriber, at
the Address shown below within (30) days
after service Thereof, exclusive of the
day of such service, and if you fail to answer
the complaint and attached documents,
judgment by default will be rendered
Against you for the Relief demanded
within the complaint and documents
Attached.

LAWRENCE L CRAWFORD
Jonah Gabriel Jahjah T. Tishbite
#300839 DAR-N-1122
LEE C.I 990 Wisacky Hwy
Bishopville, SC 29010

Dillon County
1/20/10

2 of 41

2

State of South Carolina } In Court of 4
The County of Dillon }    Judicial Circuit

Lawrence L. Crawford aka
Jonah Gabriel Jahjah T.
Tishbite

                plaintiff

FILED
GWEN T. HYATT
2010 MAR -5 PM 12:00
CLERK OF COURT
DILLON COUNTY

                    Complaint

vs.

Warden Bodison; Sgt Yvette
Blowe; Andre Alston #264762;
Marice Lee (Inmate muslim Imam);
Wali Doe (muslim in Stono); Omar
Doe No.2 (scdc muslim chaplain);
John Doe No.3 (scdc muslim
chaplain ass't); Skipper Doe
No.4 (shakedown officer); Ms.
Gwen Hyatt (Dillon County Clerk);
Wes Jacobs; David Tarsky;
Rob Peele, Jon Ozzmit; Sgt.
Perry; Lt. Steward; Cpl.
Johnson; Capt. Clark; Officer
Simmons; Lt. Easterling; S.C
Dept. of Corrections; Dr Babbs
Ms Lee, Van Bebber defendant(s)
Lt McGee

Case No.

2010-CP-17 081

Motion for a Jury
Trial; Motion To Appoint
Legal Counsel; Motion
For an Injunction and
or Protective Order

        To: The Dillon County Court of Common
    Pleas,
            The S.C Dept. of Corrections Et. Al,
                    3 of 41

3

PLEASE TAKE NOTICE, that the plaintiff in the above captioned matter, Lawrence L Crawford, aka Jonah Gabriel Jahjah T. Tishbite, intends to file claim against the above captioned defendants, in pursuant to all Relevant sections of the South Carolina Tort Claim Act.

The post office address of the claimant herein presently is:

Lawrence L. Crawford aka.
Jonah Gabriel Jahjah T. Tishbite
#300839 DAR-N-1122
Lee C.I. 990 Wiscacky Hwy
Bishopville, SC 29010

For the time being I am Representing myself, but seek the appointment of Legal Counsel pursuant to the Americans With Disabilities Act.

The plaintiff motions for judicial Notice, and hereby notify the court that this is a diversity jurisdiction Tort Action. It involves Acts that occurred in Both Dillon County and Dorchester County. Therefore the Action can be filed in either county therein venue

4 of 41

4

and jurisdiction would be proper.

The time when and the place where such claim(s) arose, and the nature of the claims, are as follows:

Please take notice of exhibit(s) No. (s) 1, 2, 3, 4, 5, 5A, and 6 which is also exhibit S.C.D.C medical. The plaintiff contends that on or about September 12, 2009, Ms Gwen T. Hyatt, the Clerk of Court of Dillon County, conspiring under color of State law, and under color of authority, in egregious, blatant violation of State law, and in violation of the Ku Khlux Khan Act, across multiple jurisdictions, both State and Federal, working in collaboration with Wes Jacobs, David Tarsky, Rob Peele, Jon Ozmit, and the other above captioned defendants and those in the cases referred to shortly, did prevent the filing and or returning of the plaintiff's Tort Action and or legal court documents in the Dillon County Court of Common Pleas, and or did destroy the plaintiff's court documents, pretending that she never received them, when in truth she did received said documents and Tort Action, also in efforts to prevent the filing and or

Transfer of Court documents to the 9th
Circuit Court of Appeals under Case No. 09-16414
and the 6th Circuit Court of Appeals under
Case No. 09-4314, a diversity jurisdiction
Writ of Habeas Corpus Class Action and an
action in a United Nations Torture Committee
Case. This is not the first occurrence of
such actions by the conspiring parties. This
case is tied to an action in the S.C. District
Court under Case No. 0:06-CV-2549-TLW-BM.
This unjust criminal action also occurred in
several other Tort Actions the plaintiff
attempted to have filed in Dorchester and
Richland County involving those Clerks of Court
under Case(s) No.(s) 2006-CP-400-3567, 3568,
and 3569. Such elements show these events
did not only occur in Dillon and Dorchester
County solely, but in Richland County as well
clearly establishing the diversity jurisdiction
of the case permitting me to file this Tort
Action in Dillon County as my choice of
venue. This lawless action perpetrated
by Ms. Hyatt also involved the filing of a
Tort Action against Capt. Clerk, Officer
Simmons, Lt. Smalls, and Lt. McGee regarding
an assault perpetrated upon the plaintiff at
Lieber C.I. between the months of Jan-March

of 2009 that was covered up by the conspiring parties, where attempts to distort these facts and charge the plaintiff with threatening an officer before a DHO Board occurred, making her an accessory after the fact.

The plaintiff motions for judicial notice and hereby officially give all parties notice that Andre Alston; Maurice Lee; Sgt. Blow; Omar Doe No. 2 (the SCDC Muslim Chaplain); Sgt. Perry; Wali Doe (Muslim in Stono) and Lt. Easterling are being sued in their individual and or personal capacity. Therefore, SCDC cannot be permitted to represent them.

Interference with legal mail implicates the plaintiff's rights to access the courts and free speech as guaranteed by the 1st and 14th amendments of the United States Constitution. To state a claim for denial of access to courts - in this case due to interference with legal mail and or mail tampering - a plaintiff must allege that the defendants "took or was responsible for the action that hindered the plaintiff's efforts to pursue a legal claim." In order to survive a motion to dismiss the plaintiff must allege not only was the

7 of 41

defendants' conduct deliberate and malicious, which in this case it was, purposely subjecting the plaintiff to acts of official mental and physical torture forcing the plaintiff to re-write and attempt to file this action several times forcing him to experience immeasurable pain and suffering due to the disability to both his hands for which he is under strict doctors orders not to be doing any work of any kind with his hands due to said disability caused by the negligent acts of the conspiring parties. The actions of the conspiring parties also resulted in other actual injury to the plaintiff besides the aforementioned official mental and physical torture in violation of State, Federal and International law, such as they making and/or having caused the plaintiff to miss crucial deadlines, having some of his cases dismissed unfairly, prevented amended complaints from reaching various courts, preventing other tort actions from being filed against the other conspiring parties etc., which include the action from being filed in the Dillon County Court of Common Pleas, David v. Goord, 320 F3d 346 (2nd Cir 2003); Monsky v. Moraghan, 127 F3d 243, 247 (2nd Cir 1997); Lewis v. Casey 518 U.S. 343, 351, 116 S.Ct. 2174,

2180, 135 LEd 2d 606 (1996); CANCEL V. GOORD
No. 00 Civ. 2042, 2001 WL 303713 at #4 (S.D.N.Y
MAR. 29, 2001).

IN addition to the Right to Access
the courts, the plaintiff's Right to A FREE flow
of incoming and outgoing mail is protected by
the 1st Amendment. The restrictions on the plaintiff's
mail by the conspiring parties are justified only if
they further one or more of the substantial govern-
ment interest of security, order, and rehabilitation,
... and must be no greater than is necessary
or essential to the protection of the particular
lawful government interest involved. The key
words are "lawful government interest". IN
balancing the competing interest implicated
in restrictions on the plaintiff's mail, courts
have consistently afforded greater protections
on legal mail than non legal mail, as well as
greater protection on outgoing legal mail than
incoming legal mail. WE ARE dealing with out-
going legal mail in these instances involving
an illegal seizure and the Dillon, Dorchester,
as well as Richland County Clerks destroying
and or preventing the filing of that outgoing
legal mail. This includes the conspiring
state and or county officials purposely, maliciously

9 of 41

9

Not placing proper postage on my outgoing legal mail as part of a trick and scheme to justify their opening my legal mail when they unjustly caused it to be returned to the institution due to the lack of postage which they deliberately contrive to violate my constitution rights against illegal searches and seizures. While the plaintiff has a constitutional and even state law right to be present when his legal mail is open, which in these cases the plaintiff was not allowed to be present, an isolated incident of mail tampering is usually insufficient to establish Tort or constitutional violation. Nevertheless, we are not dealing with one isolated incident. We are dealing with conspiring parties in the form of inmates going in my cell without authority of law, acting under color of state law, stealing my outgoing legal court documents with the sanction of state officials. We are dealing with acts where conspiring parties purposely, maliciously failed to place the required postage on legal mail so it can be returned by the U.S. Postal Service as part of a trick and scheme to justify their opening and examining my legal mail without me being present violating my 4th Amendment right to privacy. We are dealing with these state actors unjustly seizing

my outgoing legal mail which was sealed in the possession of the mailroom without the issuance of a warrant valid or otherwise from a neutral magistrate judge. We are dealing with them unjustly delaying my outgoing legal mail for almost (30) days at a time. We are dealing with these state and county actors pulling the same exact stunt with the Dillon County Clerk of Court in at least 2 other pending Tort Actions, forcing me to mail documents to the Federal Court out-of-state, in hopes of having them transferred back in state to South Carolina, because they blocked my direct access to both the Dorchester and Richland County Court of Common Pleas to cause a procedural default in those cases. We are dealing with the conspiring parties blocking and hindering my access to International Courts and various Federal Courts causing those actions to be unjustly delayed, dismissed, or causing me to miss crucial deadlines set upon the plaintiff by court order to force additional procedural defaults. We are dealing with them refusing to make essential copies required by court rules and service. We are dealing with them preventing contact of the petitioners to each other when we are parties in an

action before the Court and they preventing the names of the various petitioners from being signed to essential court documents as is required by Rules of Court and Due Process Law and other egregious, outrageous actions that shock the conscience which stand in blatant defiance of fundamental Fairness and Due Process law which are continuous torts even presently being done today. Such manifest injustices conspicuously violate the plaintiff's rights even under the Americans With Disabilities Act of Title II and the S.C. Tort Claim Act. The actions of the conspiring defendants are sought and done to impair the legal representation sought to be received by the plaintiff pursuant to the Federal mandate that the Court of Common Pleas appoint legal counsel to assist the plaintiff due to his substantial disability. The conspiring parties in the form of these defendants, acted with invidious intent and the plaintiff was indeed harmed by this action. Heimerle v Attorney General 753 F2d 10, 12-13 (2nd Cir. 1985); Hudson v. Greiner, No. 99 Civ. 12339, 2000 WL 1838324, at *5 (S.D.N.Y. Dec 13, 2000); Washington v. James 782 F2d 1134, 1139 (2nd Cir. 1986); Thornburgh v. Abbott, 490 U.S. 401, 413, 109 S.Ct. 1874, 1881-82, 104 LEd2d 459 (1989); Wolff v. McDonnell, 418 U.S.

539, 574-76, 94 S.Ct. 2963, 2983-85, 41 LEd 2d 935 (1974) ; MORGAN V. MONTANYE, 516 F2d 1367, 1371 (2Nd Cir. 1975) ; N.Y.C. Dept. of Corrections, 183 F. Supp 2d 619, 629 (S.D. N.Y. 2002) ; JERMOSEN V. Coughlin, 877 F. Supp 864, 871 (S.D. N.Y. 1995).

Convicted prisoners do not forfeit all constitutional rights or protections by reason of their conviction or confinement in prison. Inmates retain some degree of First Amendment protection. They also retain 4th Amendment protection against unreasonable searches and seizures. Prison walls do not form a barrier seperating prison inmates from protections of the constitution. The 14th Amendment prohibits the state from making law prohibiting or retaliating against an inmate for free exercise of his rights of freedom of Religion and his right to access the courts, Bell v. Wolfish, 441 U.S. 520, 545, 99 S.Ct. 1861, 1877, 60 LEd 2d 447 (1979) ; TURNER V. SAFLEY 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 LEd 2d 64 (1987) ; O'LONE V. Estate of Shabazz 482 U.S. 342, 348, 107 S.Ct. 2400, 2404, 96 LEd 2d 282 (1974) ; Pell V. Procunier 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 LEd 2d 495 (1974) ; Cruz V. Beto, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 LEd 2d 263 (1972). Van Bebber knew and refused to help.

When penal regulations or state conspir-atory action impinges on an inmate's constitu-tional rights, the regulation or SCDC policy is valid if it is reasonably related to legitimate penological interest. There is no regulation, policy, law, or standard that says that inmates can go in another inmate's cell at any time they see fit, on their own authority, acting as S.C.D.C. employees granting them power by sanction to illegally seize, rob, burglarize, and terrorize another inmate and his property, his legal mail and/or court documents in violation of S.C.D.C. policy, as well as in violation of state and federal law. There is no regulation or policy or law that says these state and county conspirators can illegally seize my outgoing legal mail without a warrant being issued from a judge. There is no regulation, law, or policy stating they can call up county clerks of court over the phone telling them to destroy and prevent the filing of legal court documents in efforts to deny inmates their constitutional right to access the courts. The inmate's legal documents cannot by clearly established law be seized as contraband. Their main focus, and what the plaintiff came under fire for, was the religious content of the United Nations document and placing the

14 of 41

14

The diversity jurisdiction Writ of Habeas Corpus case before the court affecting inmates in all 50 states in the nation. It is the religious content of the U.N. document being the source and cause for which I was verbally attacked, threatened by those muslims, why they wanted to detach themselves from the proceedings or document, to include make unjust claims ~~against~~ against the plaintiff and why they unjustly placed the plaintiff on lock up. It was the religious content that led to the unjust claims made. None of the other inmates are restricted by the state actors from expressing their religious beliefs in the manner the plaintiff was, by these conspirators engaging in acts of retaliation for the free exercise of my constitutionally protected rights of freedom of speech, freedom of Religion, and the right to access the courts to seek redress of my greivances. The plaintiff must be given a reasonable opportunity afforded fellow inmates who adhere to conventional Religious precepts. There is nothing mentioned in that document that was not written within the 3 true conventional Religions of Judaism, Christianity, and Islam. The cases of law indicate that an individual's freedom of Religious expression cannot be constitutionally

Restricted or retaliated against to solve a preceived "group" security problem, unless All other similarly situated members of the supposed group are likewise restricted. None of the other petitioners in the class action were Restricted in the manner the plaintiff was, Cruz v. Beto, 405 U.S. At 322, 92 S.Ct. At 1081; United States v. Pitts, 322 F3d 449 (6th Cir. 2003); United States v. Newsome, 322 F3d 328 (4th Cir. 2003).

* The traditional definition of Acting under color of state law requires "that the defendants have exercised power possessed by virtue of state law and made possible only because the wrong doer is cloaked with the Acquiescence or Authority of state law". To constitute state action; "The deprivation must be caused by the exercise of some Right or privilege created by state law, ... or by a person for whom the state is Responsible; and the party charged with the deprivation must be a person who may be fairly said to be a state actor". This may be because he is a state official, because he has acted together with or has obtained significant Aid from state officials, or because his conduct is

otherwise chargeable to the state. The U.S. Supreme Court has held that all acts of the state are automatically "under color of state law" no matter what the source of the substantive rule. The right and privilege to search inmates cells, seize inmates property, and seize inmates outgoing legal mail is a state action, attacking and restricting religious expression as is seen here is a state action in a penological situation where in support of this robbery burglary and attack, the plaintiff was placed in solitary confinement in retaliation of the defendants, Lugar v. Edmondson Oil Co Inc, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); West v. Atkens, 487 U.S. 42, 49, 108 S.Ct. 2250, 2255, [18] 101 L.Ed.2d 40 (1988); United States v. Nafzger 965 F.2d 213.

The plaintiff did not voluntarily consent to the seizure and search of his outgoing legal mail and mere silence or acquiescence is not consent, and there was no consent form signed which is required in cases where there is no search warrant issued. The government bears the burden of proving that consent was voluntary, and whether consent was ultimately given is determined by the totality of the circumstances. In light of the circumstances, no consent was

17

given; This extremely prejudiced the plaintiff producing harm to his court actions which limitations imposed a denial of meaningful access to the courts, to include their acts of compromising court clerks to keep from being sued. No matter how many documents are written, type up or prepared, if the plaintiff cannot mail them out to the courts, or if the court clerks destroy them or trash them, such produces a total Abrogation of the plaintiff's Right To Access the courts, stands in violation of state law and the U.S. Constitution, and must not go un-challenged, United States v. Nikrasch, 367 F2d 740, 744 (7th Cir. 1966); United States v. Nafzger, 965 F2d 213 (7th Cir. 1992); Schneckloth v. Bustamonte, 412 U.S. 218, 248, 93 S.Ct. 2041, 2058-59, 36 LEd2d 854 (1973); United States v. Durades, 929 F2d 1160, 1166 (7th Cir. 1991); Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 LEd2d 797 (1968); United States v. Zygarowski, 724 F.Supp. 1052, 1056-57 (D. Mass. 1989); Bolden v. Septa, 953 F2d 807, 824 (3rd. Cir 1991) (en banc); Shango v. Jurich, 965 F2d 289 (7th Cir. 1992).

\*      The defendants actions were un-deniably retalitory, deliberate and malicious by design, initiated behind a class based invidiously

discriminatory animus pursuant to my disability, as well as in pursuant to religious and or racial hatred, to include freedom of speech and the denial of my right to access the courts because the plaintiff made the religious claims asserted. With the documents mailed to the Dillon County Clerk of Court were also mailings that were being sought transferred to the District Courts of California and Ohio, as well as to the 9th and 6th Circuit Court of Appeals that they pretended they never received them, destroying or discarding them, preventing them from reaching those courts in a pending action. The plaintiff's right to access the courts, seek redress, religious beliefs and right to be heard by the courts are protected rights. Their conspiratorial acts are adverse acts meant to deter me from seeking relief and due to the pain experienced pursuant to my disability to both my hands, these acts were designed to inflict pain as well as immense mental and physical torture upon the plaintiff hoping that the plaintiff would forego any further effort to seek redress and obtain legal counsel to assist me which is my protected right under the Americans with Disabilities Act of title II. There actions not only "shock the conscience", but they wold

likely chill a person of ordinary firmness from continuing to engage in the protected activities and rights, by these capricious, outrageous acts that no prison inmate should be made to wrongly endure, DAWES V. WALKER, 239 F3d 489, 491 (2nd Cir 2001); SWIERKIEWICZ V. SOREMA N.A., 534 U.S 506, 122 SCt 992, 152 LEd2d 1 (2002); GRAHAM V. HENDERSON, 89 F3d 75, 80 (2nd Cir 1996); FRANCO V. KELLY, 854 F2d 584, 590 (2nd Cir 1988); THADDEUS-X V. BLATTER, 175 F3d 378, 398 (6th Cir 1999); CRAWFORD-EL V. BRITTON, 93 F3d 813, 826 (D.C. Cir 1996) (EN bANC) Rev'd on other grounds, 523 U.S 574, 118 SCt 1584, 140 LEd2d 759 (1998); WALKER V. PATARO, No. 99 Civ. 4607, 2002 WL 664040, At *9 (S.D.N.Y. Apr. 23, 2002); Diesel V. Town of Lewisboro, 232 F3d 92, 107 (2nd Cir 2000); MORALES, 278 F3d At 131-32.

      The plaintiff need not prove the existence of a formal agreement to establish conspiracy, but must show overt act in further-ance of conspiracy. Circumstantial evidence can be used to show the existence of conspiracy. Mere presence or a single act will suffice to support a conspiracy conviction if circum-stances pernict inference that presence and or act was intended to advance the ends of the conspiracy, even though mere presence

OR MERE ASSOCIATION with CONSPIRATORS will Not itself support a CONSPIRACY CONVICTION, U.S. v. BRINKLEY, 903 F2d 1130; United States v. Kupper, 693 F2d 129, 1134 (5th Cir. 1982); United States v. Sheikh, 654 F2d 1057, 1063 (5th Cir. 1981) cert. denied 455 U.S. 991, 102 S.Ct. 1617, 71 LEd2d 852 (1982); United States v. Acosta, 763 F2d 671 (5th Cir) cert. denied sub nom; Weepe v. United States, — U.S.— 106 S.Ct. 179, 88 LEd2d 148 (1985); United States v. Aguirre, Aguirre, 716 F2d 293 (5th Cir. 1983).

The term "official torture" is intended to encompass acts of torture performed by or under the direction of government officials. The International torture Convention defined torture as "any" act (emphasis Added) by which severe pain or suffering, whether physical or mental, is intentionally inflicted upon a person for such purposes as to obtain from him or a third party information or a confession; punishing him for an act he or a third person has committed, or is suspected to have committed; or intimidating or coercing him or a third person, or for "any reason" (emphasis Added) based on discrimination of any kind, when such pain and suffering is

inflicted by or at the instigation of or with the consent or acquiescence of the public official or other person acting in an official capacity. The treaty signed by the United States make such torture actions to also be prosecuted under their criminal laws, Fortis v. SUAREZ-MASON, 676 F. Supp 1531, 1541 (N.D. Cal. 1987); PARKER & NEYLON, Jus Cogens: The Compelling Law of Human Rights, 12 Hastings Int'l & Comp L. Rev. 411, 437-39 (1989).

## Important Notice and Motion:

The plaintiff motions for a jury trial and depositions to be taken as sought in the form 24 that will be submitted.

The defendants actions serve to deny the plaintiff the equal protection of the laws. The equal protection of the laws clause protects and extends to all. It extends to the innocent, as well as the guilty. It extends to the supposed criminal, as well as to the supposed law-abiding citizen, State v Middleton, 207 S.C. 478, 36 S.E. 2d 742 (1946); Eslinger v Thompson, 340 F. Supp. 886 (D.S.C. 1972) affd 476 F2d 255 (4th Cir 1973); McLaughlin v. Florida,

379 U.S. 184, 85 S.Ct 283, 13 L.Ed.2d 222 (1964).

The defendants failed to follow state as well as applicable Federal law, and their own policies. Due to this they are not immune. It is not within their discretionary duties to break the law in acts of torture, Clark v. S.C. Dept of Public Safety, 353 S.C. 291, 598 S.E.2d 16. Pursuant to S.C. Code Ann § 15-78-70(b), actual fraud, actual malice, intent to harm, or crimes involving moral turpitude are excluded from immunity.

The defendants were grossly negligent. Gross negligence is the intentional conscious failure to do something which is incumbent upon one to do, or the doing of a thing intentionally that one ought not to do. It is also the failure to exercise slight care, Jinks v. Richland County, (S.C. 2003) WL 21910551. Malicious acts are excluded from immunity, Pritchette v. Lanier, (1991), 766 F.Supp. 442. Just as Attorney General Alberto Gonzales was forced to resign, no one is "above the law". Immunity protects all, except the grossly incompetent or negligent, and those who knowingly break

23 of 41

23

The law, Malley v. Briggs, 475 U.S. 335 (1986).
Prosecutors, state agents, police, judges etc.,
who under color of law, willfully deprive
individuals of constitutional rights, break
the law, and who are negligent, may be
punished criminally and or in a civil action,
Brisco v. Lahue U.S. Ind 1983, 103 S.Ct. 1108,
460 U.S. 327, 75 LEd2d 96. Private persons
can be convicted for acts of negligence
and or conspiring to deprive victims of
civil rights, on allegations of collaboration
with police or state employees, despite
private persons incapacity to act under
color of law, United States v. Lester CA.6 (KY)
1966, 363 F2d 68 cert. denied 87 S.Ct. 951, 368
U.S. 938, 17 LEd2d 813.

        In pursuant to 18 U.S.C. § 1001
(1988 Ed.) Provide:

        " Whoever, in any manner, within the
Jurisdiction of any department or agency in the
United States, knowingly and willfully falsifies,
conceals, or cover up by any trick, scheme, or
device, a material fact (emphasis added), or make
use of any false, fictitious or fraudulent statements
or representations, or make use of any false
                24 of 41

writing or document, knowing the same to contain any false, ficticious or fraudulent statement or entry, shall be fined not more than "10,000.00 or imprisoned not more than 5 years or both". This conspiracy expands across both state and federal jurisdiction. Therefore, this provision of law applies. They attempted to conceal material facts, for one issue.

     This covers false statements or documents of any kind to include those falsehoods that pervert governmental functions. Their falsehoods in this matter pervert governmental functions, United States v. Gonzales, 520 U.S. 1, 5 (1997); Brogan v. United States, 522 U.S. 398 (1998); United States v. Gilliland, 312 U.S. 96 (1941).

     Pursuant to 42 U.S.C. § 1985 (2) Provides:

     "If two or more persons conspire for the purpose of hindering, impeding, obstructing, or defeating in any manner, the due course of justice, in any state or territory, with the intent to deny any citizen the equal protection of the laws, or to injure him in his property for lawfully enforcing or attempting to enforce the right of any person, or cause of any person, to the equal protection of the laws, an action

for damages will lie", BRAWER v. HOROWITZ, 535
F2d 830, 836-37 (3rd. Cir 1976); POWELL v. ALEXANDER
391 F3d 1, 23 (1st. Cir. 2004); PINAUD v. COUNTY of
SUFFOLK, 52 F3d 1139, 1151 (2nd Cir. 1995); HOUSTON
v. PARTEE, 998 F2d 362, 367 (7th Cir. 1992); SKOKOS v.
RHOADES, 440 F3d 957, 960 (8th. Cir. 2006); PULLIAM
v. ALLEN, 466 U.S. 522, 541-44 (1984); FORRESTER
v. WHITE, 484 U.S. 219, 227 (1988); LECLERC v.
WEBB, 419 F3d 405 (5th Cir. 2005).

Any identifiable ATTORNEY, including PRO
SE litigates, OR legal REPRESENTATIVES IN ANY civil
OR CRIMINAL PROCEEDING, should NOT be RESTRICTED
IN their COMMUNICATION, demands, OR REQUIREMENTS
of the COURTS, TAYLOR v. STERRETT, 532 F2d 462,
474 (5th Cir. 1976). IN this situation it is AN breach
of law AND substantial CONSTITUTIONAL violation to
hinder, deter, OR PREVENT legal mail, AND OR
documents from REACHING individuals, AND OR
COURT, who is ASSIGNED, AND OR designated by
CIRCUMSTANCES TO ANSWER it, GUJARODO v.
ESTELLE, 580 F2d At 757-58; FAULKNER v.
MCLOCKLIN, 727 F. SUPP. 489-90; JACKSON v.
MOWERY, 743 F. SUPP. 600, 606 (N.D. Ind. 1990);
KNOP v. JOHNSON, 977 F2d 996, 100 (6th Cir. 1992);
RICHARDSON v. MCDONNELL, 841 F2d 120, 122 (5th Cir. 1998);
WILSON v. HOLMAN, 793 F. SUPP. 920, 922-23 (ED mo. 1992).

26 of 41

An act taken in retaliation for exercising of a constitutionally protected right is actionable under § 1983 and the S.C. Tort Claim Act pursuant to the gross negligence and deliberate indifference behind such acts, even if the act, when taken for different reasons, would have been proper, and the issue is whether the victim view the acts as retaliatory. Matzker v. Herr, 748 F2d 1142 (1984); S.C. Tort Claim Act; 42 USC § 1983; Buise v. Hudkins, 584 F2d 223, 229 (1978). A person may maintain an action for damages against any person and or prison official who retaliates against him for exercising his right to seek judicial relief. Milhouse v. Carson, 652 F2d 371, 373-74 (3rd Cir. 1981); McDonald v. Hall, 610 F2d 16, 18 (1st Cir. 1979). The plaintiff without a doubt view the acts of the conspiring defendants as acts of retaliation for his free exercise of constitutionally protected rights. Persons in prison, like other individuals, have the right to petition the government for redress of grievances which, of course, include "access of prisoners to courts for the purpose of presenting their complaints and the states may not abridge, nor impair; nor may they impermissibly burden it's exercise. Moreover,

There may be a claim based upon 8th Amendment prohibition of cruel and unusual punishment, Lingo v. Boone, 402 F. Supp. 768, 775 (N.D. Cal. 1975); Blanks v. Cunningham, 409 F2d 220 (4th Cir. 1969); Cruz v. Beto, 405 U.S. 319, 321, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972); Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d ** (1977); Ferranti v. Moran, 618 F2d 888, 891-92 (1st Cir. 1980); Hudspeth v. Figgurs, 584 F2d 1345, 1347 (4th Cir. 1978) cert denied 441 U.S. 913, 99 S.Ct. 2013, 60 L.Ed.2d 386 (1979).

Other actions and or torts committed by the conspiring parties are as follow:

(1) An assault upon the plaintiff committed by officer Simmons,

(2) The covering up and or concealing that assault by Capt. Clark, Lt. McGee (mslee) and Lt. Smalls.

(3) The physical pain associated with being placed and waiting in a DHO cell all day and the distress, humiliation and mental anguish experienced from unjustly charging the plaintiff with threatening an officer behind the assault.

(4) Placing me on lock up in acts of retaliation for the exercise of constitutionally protected rights.